IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARRELL WAYNE SMITH                                                                                      PLAINTIFF

      v.                          Civil No. 4:10-cv-04081

WARDEN GARY TURNER;
NURSE WILLIAMS; NURSE
STEWART; and NURSE CHEATHAM                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Darrell W. Smith, a former inmate of the Miller County Detention Center (MCDC), filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Defendants have filed a motion to dismiss (Doc. 11). Defendants contend Plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). A questionnaire was propounded to the Plaintiff (Doc. 15) to assist him in responding to the motion to dismiss. Plaintiff filed a timely response (Doc. 18). The motion is now ready for decision.

## I. BACKGROUND

The complaint was filed on June 10, 2010 (Doc. 1). Plaintiff was granted *in forma pauperis* status that same day (Doc. 3).

According to the allegations of the complaint, Plaintiff was booked into the MCDC on December 30, 2009. When he arrived at the MCDC, he had a broken leg. Plaintiff alleges he went nineteen days before being seen by a doctor. During this time, Plaintiff states he was made

-1-

to shower with just a trash bag tied on his cast. Plaintiff maintains they failed to provide him with a proper cast bag.

Plaintiff also alleges he was housed in the infirmary in severe pain and did not receive any medication until three days later when he received Ibuprofen. Fifteen days after he was booked in, Plaintiff states Nurse Williams had him sign a medical release so his records could be obtained. After the records were obtained, Plaintiff states that Dr. Nash said he needed to see another doctor immediately. Plaintiff states it took a long time for him to be transported to a doctor.

## II. DISCUSSION

As noted above, Defendants ask that the case be dismissed for failure to exhaust available administrative remedies. As amended by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

When all claims have not been exhausted, the case is subject to dismissal. *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143-44 (8th Cir. 2003)(Adopting total exhaustion requirement which requires dismissal of mixed petitions (those containing both exhausted and exhausted claims)). The burden is on the Defendants to show the Plaintiff did not exhaust all available administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002). The question that must be answered is whether there was a procedure available. *Id.* at 809. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies under the PLRA, a district court may look beyond the pleadings and decide disputed issues of fact." *Morton v. Hall*, 599 F.3d

AO72A
(Rev. 8/82)

942, 945 (9th Cir. 2010)(internal quotation marks and citation omitted); *see also Bryant v. Rich*, 530 F.3d 1368-1374-75 (11th Cir. 2008)("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for summary judgment; instead, it should be raised in a motion to dismiss").

In support of their motion, Defendants have provided the Court with the affidavit of Nurse Williams, Health Services Administrator at the MCDC. According to Williams, all requests for medical treatment are placed in the inmate's file. She indicates Plaintiff submitted only two sick call slips; one on February 3rd for dental services and one on July 8, 2010, after this lawsuit was filed complaining of pain in his foot. Williams indicates Plaintiff never submitted a grievance relating to the provision of medical services. On July 8, 2010,[1] Williams states Plaintiff was transferred to the Arkansas Department of Corrections.

Plaintiff admits the MCDC had a grievance procedure (Doc. 18 at ¶ 5). In fact, he states he submitted four grievances dealing with health issues and not being provided with a proper bag to cover his cast with when he took showers. *Id.* He indicates he obtained grievance forms from guards and turned them back into the officer on duty. *Id.* at ¶ 7. He did not receive copies of any of the grievances and does not know the exact dates on which he turned the grievances in but believes it was in January and March of 2010. *Id.* In response, Plaintiff indicates Warden Turner spoke to him and ordered the guards to let him take a shower regularly and said the cast care products were medical products and he would have to check into that and get back with Plaintiff. *Id.*

---

[1] Plaintiff indicates he was released from the MCDC on August 22, 2010. (Doc. 18 at ¶1).

AO72A
(Rev. 8/82)

Plaintiff also indicates that everyday from December 29, 2009, to March 15, 2010, he spoke to one of the nurses or to Warden Turner about needing to shower regularly and the need for cast care products. *Id.* at ¶ 8.    Plaintiff also indicates he submitted sick call slips but his requests were denied due to the fact he was housed in the infirmary. (Doc. 18 at ¶ 9).

Plaintiff's response was made under penalty of perjury. In light of the record before me, I cannot say that Plaintiff failed to exhaust his administrate remedies prior to filing suit.

### III.  CONCLUSION

For the reasons stated, I recommend that the motion to dismiss (Doc. 11) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of June 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE